```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     :
UNITED STATES OF AMERICA ex rel.     :
NAJMUDDIN PERVEZ,                    :      06 Civ. 1114(DLC)
                                     :
              Plaintiff and          :      OPINION & ORDER
              Relator,               :
                                     :
         -v-                         :
                                     :
NORTH SHORE-LONG ISLAND JEWISH HEALTH:
SYSTEM, INC., NORTH SHORE UNIVERSITY :
HOSPITAL, LONG ISLAND JEWISH MEDICAL :
CENTER, and ERNST & YOUNG LLP,       :
                                     :
              Defendants.            :
                                     :
-------------------------------------X
```

APPEARANCES:

For Relator:
Richard P. Ackerman
Troutman Sanders LLP
405 Lexington Ave.
New York, NY 10174

Philip R. Michael
Michael Law Group
405 Lexington Ave., 7th Floor
New York, NY 10174

For Defendants:
Michael G. McGovern
Aaron M. Katz
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036-8704

DENISE COTE, District Judge:

   Najmuddin Pervez ("Pervez"), the relator in the above-captioned action, moves for an award of expenses, attorneys'

fees and costs pursuant to 31 U.S.C. § 3730(d)(1) ("§ 3730(d)(1)") of the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq. The defendants have objected to the motion as untimely under Rule 54(d)(2)(B), Fed. R. Civ. P., and Local Rule 54.1(a).[1] For the following reasons, Pervez's motion is denied.

BACKGROUND

On February 7, 2006, Najmuddin Pervez filed this qui tam case under the FCA. The United States filed a complaint-in-intervention on September 2, 2010. The next day, the Court so-ordered: (1) the United States and the defendants' stipulation of settlement and dismissal, pursuant to which the defendants paid the United States $2,950,000 (the "Settlement Proceeds"); and, (2) the United States and Pervez's stipulation of settlement and release, under which Pervez was awarded $560,500.00 from the Settlement Proceeds. On September 9, the Clerk of Court entered judgment for the United States and "dismissed with prejudice any and all claims against the defendants." On October 7, Pervez received his share of the Settlement Proceeds.

---

[1] Defendants also argue that Pervez is not entitled to fees and costs under § 3730(d)(1) since had his complaint been served, it would have been dismissed pursuant to: (1) Rule 9(b), Fed. R. Civ. P.; (2) Rule 4(m), Fed. R. Civ. P.; and, (3) the "public disclosure bar" of the False Claims Act, 31 U.S.C. § 3730(e)(4). It is not necessary to reach these additional arguments.

On February 16, 2011, more than five months after entry of judgment, Pervez filed a motion for expenses, attorneys' fees and costs. The motion became fully submitted on April 15.

DISCUSSION

Pervez contends that § 3730(d)(1) entitles him to an award of reasonable expenses, attorneys' fees and costs. The defendants maintain that Pervez cannot recover such an award since his application is untimely pursuant to Rule 54(d)(2)(B), Fed. R. Civ. P.

Section 3730(d)(1), titled "Award to qui tam plaintiff," provides in relevant part that "if the Government proceeds with an action," any individual who is entitled to a share of the Government's proceeds "shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs." 31 U.S.C. § 3730(d)(1). "All such expenses, fees, and costs shall be awarded against the defendant." Id.

The Federal Rules of Civil Procedure require "[a] claim for attorney's fees and related nontaxable expenses" to be "made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). Such a motion "must be filed no later than 14 days after the entry of judgment," absent "a statute or a court order

3

provid[ing] otherwise." Fed. R. Civ. P. 54(d)(2)(B)(i). Unless there is "a statute or order of the court such as a local rule, [a] district court [must] . . . find 'excusable neglect' under Rule 6(b)(2) to extend the time to move for attorneys' fees <u>after</u> the expiration of Rule 54's fourteen-day deadline."[2] <u>Tancredi v. Metropolitan Life Ins. Co.</u>, 378 F.3d 220, 227-28 (2d Cir. 2004) (emphasis supplied). Although excusable neglect is an "elastic concept," when determining whether a party's neglect is excusable a court should consider:

> (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was in the reasonable control of the movant, and (4) whether the movant acted in good faith.

<u>Id</u>. at 228 (citation omitted).

Judgment in this case was entered on September 9, 2010. The fourteen-day time period in which Pervez was permitted to seek attorney's fees expired on September 23, 2010. Pervez's February 16, 2011 was filed 145 days late. Pervez has not shown excusable neglect for this lengthy delay in filing the motion. An attorney's failure to follow clear and unambiguous procedural rules does not usually constitute excusable neglect. <u>See In re</u>

---

[2] Rule 6, titled "Computing and Extending Time; Time for Motion Papers," provides, in relevant part, that "[w]hen an act may or must be done within a specified time, the court may, for cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Rule 6(b)(1)(B), Fed. R. Civ. P.

4

Lynch, 430 F.3d 600, 603-04 (2d Cir. 2005) (construing the term excusable neglect in Bankr. Rule 9006(b)(1), which was patterned after Rule 6(b), Fed. R. Civ. P.).

Pervez offers principally four reasons why his failure to comply with Rule 54(d) should not preclude his recovery. First, he argues that Rule 54 is inapplicable to a motion for fees brought pursuant to a "mandatory fee shifting statute" such as § 3730. The rule's meaning is clear. It applies to all claims for attorneys' fees except those which "substantive law requires . . . to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2). Pervez does not suggest that he must prove his right to attorneys' fees and costs at trial. Therefore, his motion is governed by the fourteen-day time period dictated by Rule 54.

Next, Pervez contends that Rule 54's fourteen-day window, which is triggered by an entry of judgment, cannot apply to § 3730 motions since it often takes longer than two weeks for a relator to receive its share of the proceeds paid to the Government to settle an FCA action. Pervez argues that only a relator who "receives" a portion of the proceeds of the qui tam action or settlement has the right to apply for an award of expenses, fees and costs.[3] But, nothing in the text of § 3730

---

[3] In a similar vein, Pervez asks that the Court speculate how Rule 54(d), Fed. R. Civ. P., would operate when a relator's

conditions a relator's motion for fees on its receipt of its share of the Government's proceeds.  Instead, after describing who "shall" and who "may" receive a portion of the Government's proceeds, § 3730 provides that "[a]ny such person shall also receive an amount for reasonable expenses . . . plus reasonable attorneys' fees and costs."  31 U.S.C. § 3730(d)(1).

Third, Pervez argues that even if Rule 54 applies to a motion for fees pursuant to § 3730, "[n]o formal motion is required to satisfy the 14-day period."  Since Pervez made no timely application to the Court for an award of fees, this reading of Rule 54 would be of no assistance to him.  In any event, as the text of Rule 54 explains, a formal motion is required.  See Rule 54(d), Fed. R. Civ. P. (requiring fee applicants to file motions); Tancredi, 378 F.3d at 227-28 (Rule 6(b) requires a finding of excusable neglect for a party to file an untimely motion for attorneys' fees under Rule 54(d)).  The sole case Pervez identifies that is consistent with his interpretation of Rule 54 is readily distinguishable.  See Romaguera v. Gegenheimer, 162 F.3d 893, 895-96 (5th Cir. 1998) (holding that "particular events," including two court orders memorializing that the plaintiff had requested attorneys fees,

---

receipt of his share is delayed by the defendants' filing an appeal of an adverse district court judgment.

excused the plaintiff from having to file a motion for attorneys' fees).

Finally, Pervez asserts that his failure to timely file a motion should be excused as it was based on his attorneys' "good faith interpretation of the interrelationship of Rule 54(d)(2) and Section 3730(d)(1)." This argument is unavailing. Given the length of the delay, and the clarity of Rule 54(d), plaintiff cannot establish excusable neglect. Even a belief that Pervez needed to receive Settlement Proceeds before he could file a motion cannot explain the length of the delay here. Plaintiff received his share on October 7, 2010, but did not file this motion for another four months.

CONCLUSION

The relator's February 16, 2011 motion for attorneys' fees, expenses and costs is denied.

SO ORDERED:

Dated:   New York, New York
         July 11, 2011

                              _____
                                      DENISE COTE
                              United States District Judge